IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CALVIN SHANE CORTNER and JUDITH CORTNER,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　-vs-<br><br>HERZOG SERVICES, INC., a foreign corporation, KRISTINA SNORTELAND, as the Administrator of the Estate of Charles A. Snorteland, Deceased, and JOHN DOES II-X,<br><br>　　　　　　　　　Defendants. | CV-05-162-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER DENYING MOTION TO STRIKE HERZOG'S RESPONSE** |

　　Plaintiffs Calvin Shane Cortner and Judith Cortner ("the Cortners") instituted this negligence action against Herzog Services, Inc. ("Herzog") and Paul J. Drew as the Administrator of the Estate of Charles A. Snorteland for damages arising from a vehicle collision. Shane Cortner was injured while riding as a passenger in a pickup truck operated by William Rock Barnett. Charles Snorteland, who was driving a pickup truck owned by Herzog, crossed a roadway centerline and collided with the Barnett pickup.

　　The following motions are now pending before the Court:

1.  Plaintiffs' Motion for Partial Summary Judgment as to Defendant Paul J. Drew, as the Administrator of [the] Estate of Charles A. Snorteland (Court's Doc. No. 43); and

2.  Motion to Strike Herzog's Response to Cortners' Motion for Summary Judgment Against Estate of Snorteland (Court's Doc. No. 55).

Having considered the issues presented by the parties, together with their submissions in support of their respective positions, the Court makes the following Findings and Recommendation and issues the following Order.[1]

## I. *DISCUSSION*

On January 19, 2007, Plaintiffs Calvin Shane Cortner and Judith Cortner ("the Cortners") filed their motion for partial summary judgment against Defendant Paul J. Drew, as the Administrator of the Estate of Charles A. Snorteland on the issue of liability. *Plaintiffs' Motion for Partial Summary Judgment as to Defendant Paul J. Drew, as the Administrator of [the] Estate of Charles A. Snorteland* ("*Cortners' Mtn.*") (Court's Doc. No. 43). On January 22, 2007, the Court issued an Order substituting Kristina Snorteland as Administrator of the Estate of Charles A. Snorteland. *Court's Doc. No. 46*. Thus, the Cortners' motion is now directed against Ms. Snorteland as Administrator of the Estate.

On February 9, 2007, Defendant Herzog Services, Inc. ("Herzog") filed its response. *Herzog Services, Inc. Response to*

---

[1] By Order (Court's Doc. No. 47) filed January 22, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), including submission of proposed findings and recommendations.

2

*Cortner Motion for Summary Judgment Against Snorteland* ("*Herzog Resp.*") (Court's Doc. No. 51).  Herzog noted that it does not object to the Cortners' motion, does not dispute that Charles Snorteland was negligent, and does not dispute that his negligence caused the accident at issue in this lawsuit.  *Id.* at 3.  Herzog added in its response, however, that it does not concede "that Charles Snorteland had permission from Herzog to be driving the Herzog company vehicle involved in the accident." *Id.* at 1, 3.

On February 16, 2007, Kristina Snorteland, as Administrator of Charles A. Snorteland's Estate, filed her response.  *Kristina Snorteland's, as Administrator of the Estate of Charles A. Snorteland, Response to Cortner Motion for Summary Judgment Against Snorteland* ("*Snorteland Resp.*") (Court's Doc. No. 52). Ms. Snorteland also concedes that Charles Snorteland was negligent in operating the Herzog vehicle and that his negligence caused the accident at issue.  *Id. at 2-3.*  In her response, Ms. Snorteland also withdrew her previously alleged defense of contributory negligence against the Cortners.  *Id. at 3.*

On March 5, 2007, the Cortners' filed their Motion to Strike Herzog's Response to Cortners' Motion for Summary Judgment Against Estate of Snorteland (Court's Doc. No. 55).  The Cortners, relying on Rule 12(f), Fed. R. Civ. P., argue that Herzog, in denying in its response brief that Snorteland was operating the Herzog vehicle with permission, improperly attempted "to inject into this record immaterial information

which is contrary to Herzog's own corporate documents and records." *Memorandum in Support of Cortners' Motion to Strike Herzog's Response to Cortners' Motion for Summary Judgment Against Estate of Snorteland, and Response* ("*Cortners' Br.*") (Court's Doc. No. 56) *at 3*.

In response, Herzog argues that the Cornters' motion to strike should be denied for two reasons. First, Herzog argues that its response brief included its position with respect to whether Snorteland was driving its vehicle with permission at the time of the collision because the Cortners included in their Statement of Undisputed Facts in support of their motion a conclusion that Snorteland was driving with permission of Herzog. *Herzog Services, Inc.'s Response to Cortners' Fed. R. Civ. P. 12(f) Motion to Strike Herzog's Brief in Response to Cortners' Motion for Summary Judgment Against Snorteland* ("*Herzog's Resp. to Mtn. to Strike*") (Court's Doc. No. 59) *at 1-2*.

Second, Herzog argues that the Cortners' motion is procedurally flawed. Herzog argues that Rule 12(f) motions apply only to pleadings. *Id. at 2-4*. Because a brief is not a pleading, Herzog argues, the Cortners' motion to strike fails. *Id*.

### A. *Cortners' Motion for Partial Summary Judgment*

As noted above, the motion seeking an order granting summary judgment on liability against the Administrator of the Estate of Charles A. Snorteland was filed on January 19, 1997. Eleven days

later, on January 30, 2007, the Administrator filed her answer to the Cortners' Second Amended Complaint.

Paragraph 8 of the Second Amended Complaint alleges:

> [Charles Snorteland] was negligent and failed to use ordinary care in the operation of the Herzog vehicle, and as a result of his negligence, caused the collision between the subject vehicles, resulting in injury to Calvin Shane Cortner.  Charles A. Snorteland's conduct constitutes negligence as a matter of law.

In her Answer, the Administrator responds as follows to this allegation: "Admitted."

As noted *supra*, both Herzog and Ms. Snorteland concede in their briefs that Charles Snorteland was negligent and that his negligence caused the collision with the Barnett vehicle resulting in damages.  In addition, the Administrator withdraws her previously alleged defense of contributory negligence against the plaintiffs.

Accordingly, the Court will recommend that the Cortners' motion for partial summary judgment be granted.

### B.   *Cortners' Motion to Strike*

Whether to grant or deny a motion to strike is subject to the trial court's discretion.  See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992); Black v. Long Term Disability Ins., 373 F.Supp.2d 897, 904 (E.D. Wis. 2005). Courts generally do not favor motions to strike.  Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985); Black, 373 F.Supp.2d at 904.

Rule 12(f), Fed. R. Civ. P., governs motions to strike.  It provides:

>Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

By its terms, Rule 12(f) applies only to pleadings. A brief is not a pleading. See Rule 7(a), Fed. R. Civ. P. (listing the six types of pleadings that may be filed in federal court). Because the Cortners seek the Court's Order striking Herzog's response brief, which is not a pleading subject to Rule 12(f), the Cortners' motion to strike is not well-taken.

To the extent that this Court has the inherent authority to strike inappropriate matter in briefs, the Court declines to exercise that authority here. As all parties acknowledge, the negligence of Herzog is irrelevant to the motion for partial summary judgment against a co-defendant. Cortners chose to offer "undisputed facts" against Herzog that were not relevant to their motion against the Administrator. *See Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment dated January 19, 2007, at ¶¶ 3, 9, 10, 13.* This skirmish ensued. The Court's time was consumed.

## II. <u>CONCLUSION</u>

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Partial Summary Judgment as to Defendant Kristina Snorteland, as the Administrator of the Estate of Charles A. Snorteland (Court's Doc. No. 43), be GRANTED. Also,

**IT IS ORDERED** that the Cortners' Motion to Strike Herzog's Response to Cortners' Motion for Summary Judgment Against Estate of Snorteland (Court's Doc. No. 55) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation and Order of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the Findings and Recommendation must be filed within ten (10) days after receipt hereof, or objection is waived.

DATED this 17th day of April, 2007.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge